[No. 19579.   Department One.   March 29, 1926.]

D. DIERSSEN, INCORPORATED, et al., Respondents, v. MAY VALLEY LOGGING COMPANY et al., Defendants, GEORGE MILLER et al., Appellants.

D. DIERSSEN, INCORPORATED, et al., Respondents, v. GEORGE MILLER et al., Appellants, MAY VALLEY LOGGING COMPANY, Defendant.[1]

[1] CORPORATIONS (137) — OFFICERS AND AGENTS — INDIVIDUAL LIABILITY FOR WRONGS OF CORPORATION. Where the purchasers of standing timber under a logging contract organized a corporation for the purpose of carrying on the logging, which they allowed it to do, intending it to reap the profits therefrom, which they expected to receive through ownership of the corporate stock, they but created a servant or agency to perform the work, and cannot escape individual liability for its negligence in starting a fire and allowing it to escape.

[2] DAMAGES (61) — MEASURE — INJURY TO REAL PROPERTY — DESTRUCTION OF STANDING TIMBER. The measure of damages for the loss

'Reported in 244 Pac. 564.

by fire of standing timber is the loss or diminution in the value of the premises, or (if the same) the value of the timber destroyed.

Appeal from a judgment of the superior court for King county, Ralston, J., entered April 14, 1925, upon findings in favor of the plaintiff, in consolidated actions for damages, tried to the court. Affirmed.

*Kerr, McCord & Ivey* and *J. A. Coleman,* for appellants.

*Preston, Thorgrimson & Turner* and *Charles E. Congleton,* for respondents.

Tolman, C. J.—The actions mentioned in the title were consolidated for trial. The judgment entered below was a personal one against George Miller and T. J. Hartley only, and they only appear here by separate appeals.

The conclusions we have reached render it unnecessary to set forth and discuss the issues raised with reference to the dissolution of the corporate defendant, and we shall treat the case as though but one case were here, in which there had been raised but one simple issue between D. Dierssen, Inc., as plaintiff, and the individual defendants against whom the judgment runs.

The original action was begun for the purpose of recovering for the loss suffered by respondent through fire, negligently allowed to escape and permitted for some weeks to smolder and burn on premises belonging to respondent, the standing timber upon which had been sold to appellants. The contract for the sale of timber contemplated the removal of all merchantable timber, ten inches and over at the butt, and the return of the premises in parcels, as the logging progressed, to the respondent, title to all timber not removed to

revert to the owner of the fee. Shortly after the contract was entered into the appellants organized the May Valley Logging Company, and authorized and caused, or permitted it to do, all of the logging. The negligence complained of was the negligence of the corporation. The contract was not assigned to the corporation, nor was respondent consulted with or told of the purpose to have the logging so performed. The corporation, however, made all of the deferred payments for the timber under the contract, and it may be conceded that respondent knew, or might have known, that the corporation only was doing the work. That the fire was negligently allowed to escape and continue burning, does not seem to be seriously disputed here. At any rate, we find ample evidence in the record to sustain the findings of the trial court in that respect, and deem no further discussion of that point necessary.

[1] Upon the subject of the work being done by the corporation, the trial court found:

". . . the defendants Miller and Hartley organized a corporation under the laws of the state of Washington named the 'May Valley Logging Company,' which corporation was formed by them for the express purpose of carrying out said contract on behalf of said Miller and Hartley . . ."

The last clause of this finding is attacked by both appellants, and they did introduce evidence tending to show that, at the time they entered into the contract to purchase the timber, they had in mind the organization of such a corporation, and intended that the corporation should reap the profits therefrom, if any. It may be fairly deduced, however, that they fully expected to receive all of such profits through ownership of the corporate stock, and therefore they were but creating a servant or an agency which should perform the work (and perhaps assume the liabilities),

and in the end return to them the profits of the venture.

This case is almost parallel with the late case of *DeLano v. Tennent, ante* p. 39, 244 Pac. 723; indeed, except that there possession was obtained under a lease, and here under a contract to remove timber partaking strongly of the nature of a lease, there is no difference. Under that authority, we must hold that there being nothing in the record to suggest that the corporation was an independent contractor, it was but the creature of the appellants, acting under their direction and with their consent.

[2] The only remaining question necessary to be discussed is that of the amount of the recovery, which was six thousand dollars. This subject is argued and briefed at length. That we dispose of it in a few words must not be taken as indicating that the record on the subject has not been carefully studied. The measure of damages in such cases as this was settled in *Park v. Northport Smelting & Refining Co.,* 47 Wash. 597, 92 Pac. 442, as the loss or diminution in the value of the premises, or, when the recovery would be the same, it may be the value of the timber and growing trees destroyed. Measured by either rule, the judgment of the trial court is abundantly supported by the evidence.

The judgment is therefore affirmed.

HOLCOMB, MAIN, MACKINTOSH, and FULLERTON, JJ., concur.